Justice Ginsburg,
with whom Justice Breyer joins,
concurring.
I join the Court’s opinion and write separately to make the following observation. Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321,1331-1333 (2000); Monaghan, Overbreadth, 1981 S. Ct. Rev. 1, 3. See also North Carolina v. Pearce, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) (“Due process ... is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.”).
In this case, Bond argues that the statute under which she was charged, 18 U. S. C. § 229, exceeds Congress’ enumerated powers and violates the Tenth Amendment. Other defends *227 ants might assert that a law exceeds Congress’ power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. “An offence created by [an unconstitutional law],” the Court has held, “is not a crime.” Ex parte Sie-bold, 100 U. S. 371, 376 (1880). “A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.” Id., at 376-377. If a law is invalid as applied to the criminal defendant’s conduct, the defendant is entitled to go free.
For this' reason, a court has no “prudential” license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection — and reverse the conviction — even if the right to equal treatment resides in someone other than the defendant. See Eisenstadt v. Baird, 405 U. S. 438, 452-455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient’s right to equal protection); cf. Craig v. Boren, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also Grayned v. City of Rockford, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361-362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).
In short, a law “beyond the power of Congress,” for any reason, is “no law at all.” Nigro v. United States, 276 U. S. *228 332, 341 (1928). The validity of Bond’s conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits.